FILED
2014 Sep-29  AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WENDELL C. NEWTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:12-cv-3913-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Wendell C. Newton ("Newton") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I. Procedural History

Newton, whose past relevant experience includes work as a security guard, housekeeper, carpenter, and bellhop, filed an application for Title XVI Supplemental Security Income on September 8, 2009, and alleges a disability onset date of September 8, 2009, due to asthma, borderline emphysema, and degenerative joint

disease.  (R. 25, 136).  After the SSA denied Newton's claim, he requested a hearing before an ALJ.  (R. 67-68).  The ALJ subsequently denied Newton's claim, (R. 22-30), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 1-6).  Newton then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*,

703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

3

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, he must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

---

[1]  This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

4

*Id.* However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective
> medical evidence of a condition that could reasonably be expected to
> cause the pain alleged, *neither requires objective proof of the pain itself*.
> Thus under both the regulations and the first (objectively identifiable
> condition) and third (reasonably expected to cause pain alleged) parts of
> the *Hand* standard *a claimant who can show that his condition could
> reasonably be expected to give rise to the pain he alleges has
> established a claim of disability and is not required to produce
> additional, objective proof of the pain itself*.  *See* 20 CFR §§ 404.1529
> and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical

information omitted) (emphasis added).  Moreover, "[a] claimant's subjective

testimony supported by medical evidence that satisfies the pain standard is itself

sufficient to support a finding of disability."  *Holt*, 921 F.2d at 1223.  Therefore, if a

claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ

must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ

must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons
> for refusing to credit a claimant's subjective pain testimony, then the
> [ALJ], as a matter of law, has accepted that testimony as true.  Implicit
> in this rule is the requirement that such articulation of reasons by the
> [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for

refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not

supported by substantial evidence, the court must accept as true the pain testimony of

the plaintiff and render a finding of disability.  *Id.*

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Newton had not

engaged in substantial gainful activity since September 8, 2009, and, therefore, met

Step One.  (R. 27).  Next, the ALJ found that Newton satisfied Step Two because he

suffered from the severe impairments of "asthma with borderline emphysema;

degenerative joint disease of the right knee; chronic lower back pain with minimally

limited range of motion at the lumbosacral spine; and chronic right hip pain status post

hip replacement."  *Id*.  The ALJ then proceeded to the next step and found that

Newton failed to satisfy Step Three because he "does not have an impairment or

combination of impairments that meets or medically equals one of the listed

impairments."  (R. 28).  Although the ALJ answered Step Three in the negative,

consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step

Four where she determined that Newton has the residual functional capacity (RFC) to

perform

> light work as defined in 20 CFR 416.967(b), with abilities, limitations
> and restrictions as follows: can stand/walk six hours in an eight-hour
> day; can sit six hours in an eight-hour day; can lift/carry twenty pounds
> occasionally and ten pounds frequently; can frequently push/pull with
> his lower extremities; can never climb a ladder, rope or scaffold; can
> occasionally stoop, kneel, crouch and crawl; must avoid concentrated
> exposure to extreme cold, humidity, fumes, odors, dusts, gases, and poor

ventilation; and must avoid all exposure to hazardous machinery,
unprotected height and uneven terrain.

*Id.*  In light of Newton's RFC, the ALJ found that he "is capable of performing past

relevant work as a Security Guard and Housekeeper."  (R. 29).  Therefore, the ALJ

found that Newton "has not been under a disability, as defined in the Social Security

Act, since September 8, 2009."  (R. 30).

## V.  Analysis

The court now turns to Newton's sole contention on appeal, i.e., that evidence

submitted to the Appeals Council "further supports his claim of severe and debilitating

pain," and that if the ALJ had access to the evidence "she would have found [Newton]

disabled based on his pain."  Doc. 7 at 9-11.  "When a claimant properly presents new

evidence to the [Appeals Council] and it denies review, [a reviewing court] essentially

consider[s] the claimant's evidence anew to determine whether 'that new evidence

renders the denial of benefits erroneous.'"  *Levie v. Comm'r of Soc. Sec.*,  514 F.

App'x. 829, 832 (11th Cir. 2013) (unpublished) (quoting *Ingram v. Comm'r of Soc.

Sec.*, 496 F.3d 1253, 1262 (11th Cir.2007).  Therefore, this court must consider the

record as a whole, including the evidence submitted to the Appeals Council, to

determine whether the ALJ's credibility finding is supported by substantial evidence.

*Ingram*, 496 F.3d at 1266.

Because Newton had received no treatment for his allegedly disabling condition

since 2005, the SSA had Newton examined by Dr. Stacy Shomento.  (R. 344-48).  Dr.

7

Shomento noted that Newton prefers to use a cane and "walk[s] fairly slow with a narrow-based gait and a limp." (R. 344, 346). Dr. Shomento observed that although Newton "does appear to go faster with his cane," he "is able to walk without it." (R. 346). On examination, Dr. Shomento found a reduced range of motion in the right hip, and straight leg raising was "[n]egative in the seated position, right and left," but positive in the supine position "at 15 degrees on the right with pain into the back." (R. 347). Dr. Shomento's general findings were that "[Newton] does appear to be limited by discomfort. This appears to be mostly hip discomfort on the right with limited range of motion on the right. There is very minimally decreased range of motion at the lumbosacral spine and some weakness in the right lower extremity." *Id.* Dr. Shomento's diagnoses included "[c]hronic lower back pain with minimally limited range of motion at the lumbosacral spine," and "[c]hronic right hip pain, now status post left hip replacement with decreased range of motion and pain on the right." (R. 348).

Because the ALJ found Newton's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," (R. 20), Newton met the requirements of the pain standard set out above. *See supra* Section III. However, consistent with the pain standard, the ALJ articulated her reasons why she found Newton's allegations of disabling symptoms not credible:

> [N]o treating, examining or reviewing doctor has indicated that the
> claimant is disabled or otherwise unable to perform work-related

activities.  He has no medical condition that has required any medical
treatment in over five years.  His degenerative joint disease is mild per
x-ray results, he has minimally limited range of motion at the
lumbosacral spine with mild abnormality per x-ray results, he has a mild
limp when walking, and any pain he experiences is medically assessed as
tolerable.  He has normal muscle bulk and tone, and fairly normal
pulmonary function per the examination of Dr. Shomento.

(R. 29).  These articulated reasons show the ALJ properly relied on Newton's lack of

treatment since 2005, and the relatively minor findings on physical examination and

diagnostic imaging to finding Newton's testimony not credible.  *See Dyer v. Barnhart*,

395 F.3d 1206, 1211 (11th. Cir. 2005) (finding the ALJ properly considered gaps in

treatment in assessing credibility); 20 C.F.R. § 416.929(4) (ALJ must consider

inconsistencies between claimant's allegations and the other evidence in the record,

including signs and laboratory findings).  The ALJ's reliance on these factors to

discredit Newton's pain testimony was reasonable in light of the available evidence at

the time she rendered her decision.

The question presented on this appeal is whether the ALJ's credibility finding is

rendered erroneous by the evidence submitted to the Appeals Council.  *Ingram*, 496

F.3d at 1262.  That evidence is the report of a consultative examination performed at

the request of Newton's Attorney on February 28, 2011,[2] by Dr. Guy Dewees, a

rheumatologist.  (R. 366-368).  Dr. Dewees also completed a Physical Capacities

Evaluation (PCE), and assessments rating Newton's pain and fatigue.  (R. 369-73).  On

_____

[2]  The ALJ issued her decision on February 24, 2011.

examination of Newton's back, Dr. Dewees found paravertebral muscle spasms and tenderness, and reported straight leg raising as 50 degrees on the left and 20 degrees on the right, "limited by pain." (R. 367). Relevant to Newton's complaints of pain, Dr. Dewees diagnosed "[r]ight hip pain status post right total hip arthroplasty," "[l]ow back pain with paravertebral muscle spasms," and "[r]otator cuff disease both shoulders." (R. 368). Dr. Dewees also opined: "I do not see how he could work at any job eight hours a day, 40 hours a week, 50 weeks a year, even if such a job were of a light or sedentary nature." *Id.* Consistent with this opinion, Dr. Dewees indicated on his PCE that Newton would only be able to sit, stand and walk a total of two hours in an eight-hour workday. (R. 369). On his pain form, Dr. Dewees indicated Newton's pain would be "distracting to adequate performance of daily activities or work." (R. 370).

As Newton acknowledges, Dr. Dewees's physical examination is consistent with Newton's medical records and the consultative examination by Dr. Shomento. Doc. 7 at 7. However, Newton contends that if the ALJ had access to the PCE and pain forms completed by Dr. Dewees, she would have limited Newton to at most sedentary work and credited his pain testimony. *Id.* at 7-8, 11. However, the question presented here is not whether the ALJ might have made a different finding based on the additional evidence, but rather whether that evidence renders the ALJ's denial of benefits erroneous. While Newton's contention has some merit because one of the

reasons articulated by the ALJ for discrediting Newton's testimony was that no doctor had "indicated that the claimant is disabled or otherwise unable to perform work-related activities," the ALJ's remaining reasons are sufficient to support her decision.  Indeed, the lack of any treatment for over five years alone provides substantial evidence to support the ALJ's credibility decision.  Moreover, the ALJ's reliance on relatively minor examination and diagnostic findings is not contradicted by Dr. Dewees's examination findings because they were similar to the findings of Dr. Shomento, which the ALJ considered.  Therefore, based on the entire record, the court finds that substantial evidence supports the ALJ's credibility finding.  Accordingly, Dr. Dewees's report does not render the ALJ's denial of benefits erroneous.

### VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Newton is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.  A separate order in accordance with the memorandum of decision will be entered.

DONE this 29th Day of September, 2014.


**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE